IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:18-CR-169-M |
| RICKY DALE SORRELLS | |

**GOVERNMENT'S UNOPPOSED**
**MOTION FOR INTERLOCUTORY SALE OF PROPERTY**

The United States of America, through its counsel, moves pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure for an order authorizing the immediate interlocutory sale of certain property subject to forfeiture in this criminal case, and in support states:

## I.   FACTUAL BACKGROUND

**A.   The government provided notice that it would seek to forfeit a 2014 Maserati GHI, VIN #ZAN57RTA0E1112238 from the defendant for conviction for conspiracy to commit honest services wire fraud.**

On April 2, 2018, in an information, defendant Ricky Dale Sorrells was charged with engaging in a conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349. *See* Information (Dkt. 1.) The information included a forfeiture notice that notified Sorrells that, upon conviction for the conspiracy, the government would seek to forfeit, among other property, the 2014 Maserati. (*See id.* at 8-9.)

B.     **Sorrells plead guilty to the conspiracy to commit honest services wire fraud count and agreed to the forfeiture.**

Sorrells executed a factual resume on April 2, 2018, which contains a factual basis for his guilty plea to the conspiracy count.  *See generally* Sorrells Factual Resume (Dkt. 5.)  In his plea agreement, Sorrels agreed to the forfeiture of 20014 Maserati.  *See* Sorrells Plea Agreement (Dkt. 3 at 4.)

## II.     ARGUMENT AND AUTHORITIES

A.     **Legal standard for interlocutory sales of property.**

Federal Rule of Criminal Procedure 32.2(b)(7) provides that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action if certain conditions are met.  Fed. R. Civ. P. Supp. R. G(7)(b). Among other things, the sale may be ordered if the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause." *Id.* Rule G(7)(i)(D).  The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates. *Id.* Rule G(7)(b)(ii).  If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. *Id.* Rule G(7)(b)(iii).

When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. *Id.* Rule G(7)(b)(iv). If, at the conclusion of the trial, the court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law. *Id.* Rule G(7)(c).

**B.    Immediate interlocutory sale of the 2014 Maserati is appropriate because it will likely lose value if it is not sold before the conclusion of this case.**

Several of the statutory factors that militate in favor of an interlocutory sale are present here. In this case, the government is in possession of the vehicle for which it must pay recurring maintenance and storage expenses. To date, these items have accumulated $2,090.22 in expenses since the defendant surrendered them to USMS in August 2017, with sentencing not to occur before February 2019. If this vehicle is not sold before the defendant is sentenced, the additional fees incurred would reduce the amount available to the government (and the victim of the crime) *or* the defendant at the conclusion of this case. Accordingly, it would be in the interests of justice for the court to order the immediate interlocutory sale of the subject property to preserve the available net equity in the vehicle for the mutual benefit of the parties.

### III.   RELIEF REQUESTED

WHEREFORE, the United States moves the court to enter an order granting its motion for an interlocutory sale pursuant to Federal Rule of Criminal Procedure 32.2(b)(7).

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ Dimitri N. Rocha
DIMITRI N. ROCHA
Assistant United States Attorney
Florida Bar No. 693332
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8650
Facsimile: 214-659-8808
Email: dimitri.rocha@usdoj.gov

### CERTIFICATE OF CONFERENCE

I certify that counsel for the defendant, Cynthia Barbare, and her client has agreed to the interlocutory sale of the above-listed property.

/s/ Dimitri N. Rocha
DIMITRI N. ROCHA
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

  I certify that on October 9, 2018, I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system.  The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

           /s/ Dimitri N. Rocha
           DIMITRI N. ROCHA
           Assistant United States Attorney