IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICKY DALE SORRELLS,<br><br>              Defendant,<br><br>and<br><br>TEACHER RETIREMENT<br>SYSTEM OF TEXAS,<br>THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY, and<br>MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>              Garnishees. | No. 3:18-CR-169-N |

## **MOTION FOR FINAL ORDER OF GARNISHMENT**

The United States of America moves this Court, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act (FDCPA), for a final order of garnishment against the substantial nonexempt property belonging or due to the defendant, Ricky Dale Sorrells, ("Ricky") and/or his spouse, Margaret Sorrells ("Margaret") who were married on December 17, 1981.  The Court should grant the motion for the reasons that follow.

### **BACKGROUND**

Ricky pled guilty to conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349.  (Dkt. 3).  On August 7, 2019, this court entered a judgment against the defendant and ordered him to pay a special assessment of $100.00 and restitution of

$125,000,000.00, as required by 18 U.S.C. § 3013 and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, respectively. *See* Judgment (Dkt. 41). As of today, Ricky owes an outstanding balance exceeding $124,000,000.

To enforce this Court's judgments, the United States sought, obtained, and served writs of garnishment Teacher Retirement System of Texas ("TRS"), The Northwestern Mutual Life Insurance Company ("NW Mutual Life"), and Massachusetts Mutual Life Insurance Company ("Mass Mutual Life"), and their successors, affiliates and/or assigns, in order to secure property in which the defendants have a substantial nonexempt interest. *See* Garnishment Process (Dkts. 48-56). The garnishees answered the writs as follows:

a. TRS holds nonexempt retirement annuity payments belonging to or due to Ricky and/or Margaret (Dkt. 53);

b. NW Mutual Life holds a life insurance policy with a net accumulated value of $16,258.68 and an available loan value of $15,523.46 belonging or due to Margaret (Dkt. 55); and

c. Mass Mutual Life holds a MassMutual Retire EAS Choice Fixed Deferred Income Annuity, Contract No. RCXXXX9292 that as of March 18, 2021, makes quarterly payments of $189.03 to Ricky. (Dkt. 54).

After receiving confirmation that the garnishees were served, the United States served the defendants with the garnishment process, including a notice of their right to claim exemptions and request a hearing. *See* Certificate of Service (Dkt. 56). To date, neither of the Ricky nor Margaret have objected to the garnishment of their property and the statutory time period to do so has elapsed. *See* 28 U.S.C. § 3202(d).

## ARGUMENT AND AUTHORITIES

The FDCPA provides that, within 20 days of service, judgment debtors may request a hearing to determine: (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments. *See* 28 U.S.C. § 3202(d). The exclusive and limited exemptions available to criminal defendants under 18 U.S.C. § 3613(a) are listed in the Clerk's Notice that all parties received.

More than 20 days have passed since the United States served the garnishment process on the defendants, who have neither claimed any exemption nor requested a hearing. Therefore, pursuant to 18 U.S.C. § 3613, the United States may garnish the property identified by the garnishees to partially satisfy the outstanding restitution:

d. 25% of the TRS monthly retirement annuity payments belonging or due to Ricky less any tax withholding required by law and/or 100% of any lump sum payments to which Ricky is entitled, less any tax withholding required by law (Dkt. 53);

e. 25% of the portion of Margaret's TRS monthly annuity that accrued during the period beginning December 17, 1981, and ending May 31, 2002, less any tax withholding required by law and/or 50 percent of any lump sum payments to which Margaret is entitled, less any tax withholding required by law (Dkt. 53);

f. 100% of the liquidated value of the NW Mutual Life life insurance policy ending in XXX8564 belonging to Ricky (Dkt. 55);

g. 25% of the quarterly annuity payments from the Mass Mutual Life Retire EAS Choice Fixed Deferred Income Annuity, Contract No. RCXXXX9292. (Dkt. 54).

*See* 18 U.S.C. § 3613(a); *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 723-24 (1985); *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2010); and *Loftis*, 607 F.3d at 178-79 (affirming garnishment of community property earned by spouse during marriage, including state pension and retirement funds.)

*Also See* 18 U.S.C. § 3613(a) (judgment "may be enforced against all property or rights to property" of criminal defendant); *United States v. Berry*, 951 F.3d 632, 637 (5th Cir. 2020) (affirming garnishment of IRAs to satisfy criminal judgment).

Because criminal judgments are enforced like federal tax liens, no additional withdrawal penalties apply to a court ordered distribution. *See* 26 U.S.C. § 72(t)(2)(A)(vii); *United States v. Frank*, 2022 WL 528852, at *4 (E.D. Va. Feb. 22, 2022) ("[A] withdrawal pursuant to a garnishment to satisfy a restitution order is expressly exempted from the statute that covers the 10-percent additional tax on early distributions from qualified retirement plans.").

Finally, pursuant to 28 U.S.C. § 3205, the court may also quash writs of garnishment where appropriate, here, the remaining life insurance policies held by NW Mutual Life that are not subject of this writ of garnishment, be quashed without prejudice.

## CONCLUSION

Therefore, the United States requests entry of a final order of garnishment.[1]

---

[1] The United States Attorney's Office neither represents the Internal Revenue Service nor alleges any tax advice in this matter, and nothing in this motion shall limit or in any way waive or release any administrative or judicial civil claim, demand, or cause of action, whatsoever, of the United States or its agencies.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

/s/ *Katie Carr Jacobs*
Katie Carr Jacobs
Assistant United States Attorney
Texas Bar No. 5363825
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8807
Katie.Jacobs@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On June 3, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document. I also caused a copy of the foregoing document to be sent to the following non-ECF filers as follows:

William Sumner Macdaniel
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548/Mail Stop 017
Austin, Texas 78711-2548
*Counsel for Garnishee Teacher*
*Retirement System of Texas*

Kylie E. Demears, Legal Specialist
Massachusetts Mutual Life Insurance Co.
MIP B420, 1295 State Street
Springfield, Massachusetts 01111
*Garnishee*

NyAnn Cox
Northwestern Mutual Life Insurance Co.
720 East Wisconsin Ave.
Milwaukee, Wisconsin 53202
*Garnishee*

Ricky Dale Sorrells
Dallas, Texas
*Defendant-Judgment Debtor*

Margaret Sorrells
Rowlett, Texas[2]
*Spouse*

/s/ *Katie Carr Jacobs*
Katie Carr Jacobs
Assistant United States Attorney

---

[2] Pursuant to Fed. R. Crim. P. 49.1, the home address has been redacted to the city and state to prevent public disclosure. Upon request of the court, the full address will be provided in camera.

**USA Motion for Final Order of Garnishment – Page 6**